IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| LORETTA SHEPARD, <br><br> Plaintiff <br><br> vs. <br><br> MICHELLE OVERMEYER, CAMBRIDGE SPRINGS SUPERINTENDENT; KIMBERLY DREISCHALICK, CORRECTIONS OFFICER; KELLY CLAYPOOLE, CORRECTIONS OFFICER; JAMES MORRIS, CORRECTIONS OFFICER; STEPHEN HAGGRITY, CORRECTIONS OFFICER; ALFONZIA NEWSOME, CORRECTIONS OFFICER; TANYA MAYO, CORRECTIONS OFFICER; RICHARD MIDDENDORF, CORRECTIONS OFFICER; EMBER BLINN, CORRECTIONS OFFICER; CAPTAIN ERIC BURNS, HEIDI DUGAN, ACTING CAPTAIN OF THE SECURITY OFFICE; AND SIMEON OBENG, ATTENDING PHYSICIAN, <br><br> Defendants | 1:23-CV-00268-RAL <br><br> RICHARD A. LANZILLO <br> Chief United States Magistrate Judge <br><br> MEMORANDUM OPINION ON DEFENDANT OBENG'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT <br><br> ECF NO. 45 |

I.  Relevant Procedural History

Plaintiff Loretta Shepard ("Shepard") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") at its State Correctional Institution at Cambridge Springs ("SCI-Cambridge Springs"). She brings this action against Dr. Simeon Obeng, a physician who provided medical services at SCI-Cambridge Springs, and eleven DOC employees (collectively, "DOC Defendants"). Her pro se complaint asserts claims under 42 U.S.C. § 1983 and

1

Pennsylvania State law.[1] As to Dr. Obeng, the Complaint alleges that he acted negligently and with deliberate indifference to her medical needs relating to a metal rod placed in her neck after a prior accident or injury. *See* ECF No. 62, pp. 16, 21. All parties have consented to the jurisdiction of a United States Magistrate Judge in this case under 28 U.S.C. § 636.

Dr. Obeng has moved to dismiss Shepard's claims against him pursuant to Fed. R. Civ. P. 12(b)(6) and, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. ECF No. 45. Dr. Obeng's request for summary judgment is based on Shepard's failure to exhaust her administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). Dr. Obeng's motion is accompanied by a concise statement of material facts in support of his request for summary judgment. *See* ECF No. 46. Shepard has filed a response in opposition to the motion (ECF No. 55), but she has failed to file a responsive concise statement of material facts despite the Court's Order directing her to do so, *see* ECF No. 53, and the dictates of Western District of Pennsylvania Local Civil Rule 56.C.1. For the reasons explained below, the Court will grant Dr. Obeng's motion for summary judgment.

II.   Standard of Review

A. Federal Rule of Civil Procedure 56

Rule 56(a) of the Federal Rules of Civil Procedure requires the district court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an

---

[1] Shepard's original Complaint (ECF No. 6) was stricken because it lacked a signature. *See* ECF No. 57. Shepard refiled a signed Complaint, which was docketed at ECF No. 62. The DOC Defendants moved separately to dismiss certain of the claims against them. *See* ECF No. 21. The Court granted that motion in a separate Memorandum Opinion and Order. *See* ECF Nos. 63 and 64.

otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome under applicable substantive *law. Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Loc. 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record in a light most favorable to the nonmoving party. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond his pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). On a motion for summary judgment, "a pro se plaintiff is not relieved of his obligation under [Federal Rule of Civil Procedure] 56 to point to competent evidence in the record that is capable of refuting a defendant's motion ...." *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017) (citation omitted).

B. Local Rule 56.C.1 Violation

Shepard has failed to file a responsive concise statement of material facts as required by Rule 56.C.1 of this Court's local rules. Rule 56.C.1 requires a party opposing a motion for summary judgment to file a concise statement of material facts that (1) responds to each numbered paragraph of the movant's concise statement, admitting or denying the facts asserted in each such paragraph; (2) states the record basis for each denial of fact asserted and properly supported in the movant's concise statement; and (3) states, in separately numbered paragraphs, any additional material facts (with record support) upon which the nonmovant relies in opposing the motion. *See* LCvR 56.C.1. This Court requires strict compliance with the provisions of Local Rule 56. *See, e.g.*, *Hughes v. Allegheny County Airport Authority*, 2017 WL 2880875, at *1 (W.D. Pa. July 6, 2017). The rule's requirements apply equally to plaintiffs acting pro se and those represented by counsel. *See, e.g., Peay v. Sager*, 2022 WL 565391, at *1–2 (W.D. Pa. Feb. 1, 2022), *report and recommendation adopted*, 2022 WL 562936 (W.D. Pa. Feb. 24, 2022).

A non-moving party "faces severe consequences for not properly responding to a moving party's concise statement." *Hughes*, 2017 WL 2880875, at *1. All material facts "set forth in the moving party's Concise Statement of Material Facts ... which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." LCvR 56(E). Accordingly, the Court deems admitted all facts set forth in Dr. Obeng's concise statement of material facts. *See* LCvR 56.E.

III. Discussion and Analysis

The PLRA mandates that an inmate exhaust "such administrative remedies as are available" before bringing a suit challenging his conditions confinement. 42 U.S.C. § 1997e(a).

4

This requirement applies to all claims relating to prison life that do not implicate the duration of the prisoner's sentence. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). An inmate's failure to exhaust, however, is an affirmative defense that a defendant must plead and prove, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), and, as such, it is non-jurisdictional and waivable. *See Andrews v. Behr*, 2023 WL 8809302, at *2 (W.D. Pa. Dec. 20, 2023) (citing *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018)). When raised by a defendant, exhaustion constitutes a threshold issue the Court must address before reaching the merits of the case. *Andrews*, 2023 WL 8809302, at *2.

"[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (citation omitted) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). An inmate's failure to comply with the requirements of the prison grievance process constitutes a procedural default that a defendant may raise to establish an exhaustion defense. *See Williams v. Wetzel et al.*, 2021 WL 5298872, at *5 (M.D. Pa. Nov. 15, 2021) (citing *Spruill v. Gillis,* 372 F.3d 218, 230-32 (3d Cir. 2004). Likewise, prison officials have a reciprocal obligation to follow their own procedures, and their failure to do so may discharge a prisoner from any remaining obligations under the grievance system and cause his or her grievance to be considered fully exhausted. *See Shifflett v. Korszniak*, 934 F.3d 356, 365-367 (3d Cir. 2019) ("What is good for the goose is good for the gander").

The DOC's Inmate Grievance Policy, DC-ADM 804, applies to most inmate complaints concerning conditions of confinement.[2] "The Inmate Grievance System [of DC-ADM 804] is

---

[2] In addition to DC-ADM 804, the DOC administrative remedies policies include an Inmate Discipline Policy, DC-ADM 801, and an Administrative Custody policy, DC-ADM 802. The governing policy is dictated by the subject matter of the inmate's concern and his or her custody classification.

5

intended to deal with a wide range of issues, procedures, or events that may be of concern to an inmate." DC-ADM 804.1.A.2. It provides a three-stage grievance process that inmates must follow to exhaust their administrative remedies. First, "within 15 working days after the event upon which the claim is based," the prisoner must submit a written grievance for review by the Facility Grievance Coordinator ("FGC") or the FGC's designee using the DOC's DC-804, Part 1 form. DC-ADM 804, § 1.A.8. The FGC/designee must provide an initial review response ("IRR") to the grievance to the inmate "within 15 working days from the date the grievance was entered into the Automated Inmate Grievance Tracking System" ("GTS"). *Id.* at § 1.C.5.g. Second, if the FGC/designee has rejected the grievance or the inmate is otherwise dissatisfied with the IRR, the inmate may appeal to the prison's Facility Manager/designee ("FM") "within 15 working days from the date" the inmate receives "the initial review response/rejection." *Id.* at § 2.A.1.a, b. The FM must then notify the inmate in writing "of his/her decision within 15 working days of receiving the appeal."[3] *Id.* at § 2.A.2.d. Finally, "[a]ny inmate who is dissatisfied with the disposition of an appeal from the Facility Manager/designee may submit an Inmate Appeal to Final Review" to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") "within 15 working days from the date of the Facility Manager/designee's decision." *Id.* at § 2.B.1.b. "Only issues raised in the initial grievance and/or appealed to the Facility Manager may be appealed to Final Review." *Id.* "The SOIGA will ensure that ... an appeal to final review is responded to within 30 working days of receipt unless otherwise extended and/or referred." *Id.* at § 2.B.2.a.

---

[3] FM may "authorize an extension of up to ten additional working days if the investigation of the appeal is ongoing" and must provide the inmate notice of this extension via the Extension Form. *Id.* at § 2.A.2.d. The FM may also remand the IRR to the Grievance Officer "for further investigation and/or reconsideration," in which case notification must be provided to the inmate and the inmate must receive the subsequent IRR within 15 working days. *Id.* § 2.A.2.d(4), e(2), e(3).

To establish a plaintiff's failure to exhaust administrative remedies at the summary judgment stage, the moving party must produce a record demonstrating his entitlement to judgment on the defense as a matter of law. Fed. R. Civ. P. 56(c)(1)(A). *See also Brown v. Smith*, 2021 WL 4429847, at *5 (W.D. Pa. Sept. 27, 2021). In this case, Dr. Obeng issued a subpoena to SOIGA for all grievances pursued by Shepard between January 1, 2022, and May 7, 2024, the date of the subpoena. *See* ECF No. 46, ¶ 25. In response to the subpoena, SOIGA produced responsive records and a spreadsheet detailing Shepard's grievance history. These records show that Shepard appealed only one grievance to SOIGA, Grievance No. 1009035, which Shepard submitted on December 1, 2022.[4] *Id.*, ¶¶ 26-32.

Grievance No. 1009035 states:

> At apx 10:30 or 10:45 I was in building 3 in property after being informed by officers Elles and Sweeny that I was going off ground for appointment out. Due to verbally abused and being yell at mult times officer was saying I was taking to long. My anxiety level was so high which I am on anxiety meds for that is on record. When I was down building 3 I had to strip down, cough, and after multiple time saying I wasn't do a strip down right when I am naked. I already felt degraded and late for my appointment which was at 8:30 a.m. and due to the officers and off the unit who handle this situation it is now 10:45. When getting into the van the officer who was Roshcha did not give me a hand. I ended up falling face first into the van causing my head to bleed and I got stitches. My wrist is mess and so is my right leg is mess due to the lack of officer attention.

*Id.*, ¶ 32. This grievance relates exclusively to an incident that involved certain of the DOC Defendants and occurred in November of 2022. It includes no reference to Dr. Obeng.

The only allegations relating to Dr. Obeng in Shepard's Complaint are as follows:

---

[4] It is better practice for a defendant moving for summary judgment based on failure to exhaust to procure an affidavit verifying the authenticity and correctness of the grievance records, *see Urey v. Culver*, 2024 WL 4228840, at *4 (W.D. Pa. Aug. 5, 2024), *report and recommendation adopted*, 2024 WL 4227309 (W.D. Pa. Sept. 18, 2024), but here Shepard is deemed to have admitted the accuracy of grievance record as a result of her failure to file a responsive concise statement of material facts.

> Plaintiff has a metal rod in her neck from a previous incident. She reported to medical that there was pain in the area of the rod placement and that it felt as though it was out of place. She was having severe pain. Defendant Dr. Obeng, SCI-CBS attending physician, told Petitioner it was not out of place. He performed no imaging to verify this. He prescribed Tylenol and muscle relaxers and gave her a Cortisone shot.
>
> Defendant Obeng ... showed deliberate indifference to the substantial risk to Plaintiff: Defendant Obeng refusing to follow through on previous outside doctor recommendations of needed medical care even though refusing to do so would leave Plaintiff in severe pain and suffering for the years to come, and without knowing for certain if any of her ailments could be life threatening.

ECF No. 62, pp. 16, 21.

As a comparison between Shepard's Complaint and her Grievance No. 1009035 confirms, Shepard failed to exhaust her administrative remedies regarding any claim against Dr. Obeng.

IV.   Conclusion

Shepard has failed to demonstrate the existence of any genuine issue of material fact to counter Dr. Obeng's PLRA exhaustion defense, and the record demonstrates Dr. Obeng's entitlement to judgment as a matter of law on that defense. Accordingly, Dr. Obeng's motion for summary judgment will be granted.

A separate Judgment Order will be entered.

Dated this 6th day of November 2024.          BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE